EDOK Criminal Complaint (Revised 6/13)

# United States District Court
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     *Plaintiff,*<br><br>v.<br><br>KALEB THOMAS LINVILLE,<br><br>     *Defendant.* | **CRIMINAL COMPLAINT**<br><br>Case No. 22-MJ-77-KEW |

  I, Rebecca Davison, the undersigned complainant, state that the following is true to the best of my knowledge and belief.

  On or about March 4, 2022, in the Eastern District of Oklahoma, defendant committed the crime of felon in possession of a firearm and ammunition in violation of Title 18 U.S.C. § 922(g)(1) and possessing a firearm in furtherance of a crime of violence in violation of Title 18, United States Code, § 924(c)(1)(A).

  I further state that I am a Special Agent with Bureau of Alcohol, Tobacco, Firearms and Explosives, and that this complaint is based on the following facts:

  (See attached Affidavit of Rebecca Davison, which is attached hereto and made a part hereof by reference.)

☒  Continued on the attached sheet.

Rebecca Davison
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me and subscribed in my presence at: MUSKOGEE, OKLAHOMA

Date:  March 11, 2022

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

Signature of Judicial Officer



## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Rebecca Davison, being duly sworn, does depose and state the following:

### AGENT BACKGROUND AND INTRODUCTION

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) within the meaning of 18 U.S.C. § 3051, and as such, am an officer of the United States who is authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States. I have been employed by ATF since December 2020. In 2021, I completed the Criminal Investigator Training Program required by the ATF to be an ATF criminal investigator. I also completed the Special Agent Basic Training Academy required by ATF for all special agents employed by ATF. In connection with my official duties as an ATF Special Agent, I investigate criminal violations of federal firearms laws, federal explosives laws and federal narcotics laws. I have further worked alongside other experienced investigators in relation to firearms and narcotics investigations.

2. This affidavit is made for the limited purpose of establishing probable cause in support of a criminal complaint alleging that **KALEB THOMAS LINVILLE,** hereafter referred to as **LINVILLE,** did possess a firearm and ammunition in violation of Title 18 U.S.C. § 922(g)(1) and did knowingly brandish, discharge, carry and use a firearm, that is, a Del-Ton Inc model DTI-15, 5.56 caliber, semi-automatic rifle, bearing serial number B-49248, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, carjacking in violation of 18 U.S.C. § 2119; in violation of Title 18, United States Code, § 924(c)(1)(A).

3. I know **LINVILLE** is a felon who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, and therefore prohibited from the possession of firearms and or ammunition pursuant to Title 18 U.S.C. § 922(g)(1). Specifically, **LINVILLE**

has been convicted for the felony offenses of Possession of a Controlled Dangerous Substance and Possessing a Firearm During the Commission of a Felony out of Adair County, CF-2017-127. The sentences imposed from these convictions were 5 years in state prison and 10 years in state prison with 4 years suspended, served concurrently.

4. I know **LINVILLE** is a registered member of the Cherokee Nation, as verified by ATF TFO Matt Meredith through the Cherokee Nation Marshall Service (CNMS). I further know that all incidents described in this affidavit took place in Adair County, which is within the territory of the Cherokee Nation and the Eastern District of Oklahoma, giving Federal jurisdiction pursuant to Title 18 U.S.C. § 1153.

5. The statements made in this affidavit are based in part on: (a) my personal participation in this investigation; (b) information provided to me by other law enforcement officers; and (c) the training and experience of myself and other law enforcement agents and officers.

## FACTS SUPPORTING PROBABLE CAUSE

6. On March 4, 2022, CNMS deputies received a call regarding a carjacking and assault that occurred within the Cherokee Nation boundaries. Victim, NJ, was carjacked and assaulted by suspect, **KALEB LINVILLE.** NJ advised **LINVILLE** possessed an AR-style firearm and hit him in the head with the butt stock of it and took his vehicle. NJ also stated **LINVILLE** fired the firearm at him.

7. Deputies with the Adair County Sheriff's Office located NJ's vehicle near East 903 Road and South 4680 Road in Adair County, Oklahoma. A short foot pursuit ensued with **LINVILLE** and a female subject. They fled into a nearby residence located at Route 1, Box 1505, in Bunch, Oklahoma. CNMS SWAT arrived and ultimately convinced **LINVILLE** and all other occupants to evacuate the residence. Bureau of Alcohol, Tobacco, Firearms, and Explosives Special Agents responded to the scene and investigated the incident.

8. On March 4, 2022, at approximately 2:50pm, ATF SA Rebecca Davison and TFO Matt Meredith conducted a custodial interview of **LINVILLE**. **LINVILLE** was advised of his constitutional rights under *Miranda*. **LINVILLE** waived his *Miranda* Rights and agreed to speak with agents. **LINVILLE** affixed his signature to the ATF *Miranda* Form.

9. During the recorded interview, TFO Meredith asked **LINVILLE** about the carjacking and assault which occurred on March 4, 2022. **LINVILLE** told agents he and another individual, Jordan CHAFFIN, travelled to the area where NJ was fishing in a creek. **LINVILLE** began throwing rocks into the creek when NJ told him to stop. **LINVILLE** got upset at NJ and shot the rifle near NJ. NJ asked why **LINVILLE** shot at him, to which he responded it was for disrespecting him. **LINVILLE** then, while holding the rifle, ordered NJ to the ground and used that opportunity to steal NJ's vehicle, identified as a tan colored Chevrolet Tahoe.

10. **LINVILLE** admitted to possessing the firearm and acknowledged he was not supposed to possess any firearms as he is a convicted felon and was just released from prison in February, 2021.

11. SA Davison asked where the firearm was currently located. **LINVILLE** stated it was inside of the residence but was disassembled. **LINVILLE** stated he disassembled it because he thought he would not be charged with possessing a firearm in that configuration. **LINVILLE** then listed all of the locations for the rifle parts inside of the residence.

12. ATF agents received signed consent from CD, the property owner, to enter the residence and search for the rifle parts. All of the rifle parts were located in the places described by **LINVILLE** during his interview and photographed. ATF agents then reassembled the rifle and presented it to **LINVILLE. LINVILLE** acknowledged that it was in fact the rifle he possessed. ATF agents also recovered an AR-style rifle magazine and rounds of 5.56 NATO ammunition.

13. On March 7, 2022, I spoke with ATF Resident Agent in Charge Ashley Stephens, who is an interstate nexus expert. RAC Stephens examined the firearm, which is described as a Del-Ton Inc model DTI-15, 5.56 caliber, semi-automatic rifle, bearing serial number B-49248. He also examined the ammunition which is described as seven rounds of Lake City manufactured 5.56 caliber rounds. It is RAC Stephen's opinion that the aforementioned firearm and ammunition described above were manufactured outside of the State of Oklahoma and have traveled in and affected interstate commerce. The firearm is in fact classified as a firearm, which the term "firearm" is defined in Title 18, United States Code (USC), Chapter 44, Section 921(a)(3).

14. Since this affidavit is being submitted for the limited purpose of enabling a judicial determination of whether probable cause exists to justify the issuance of a criminal complaint for **LINVILLE**, I have not included each and every fact known concerning this investigation to me and others involved in this matter. I have set forth only the facts that I believe are essential to establish the necessary foundation for a criminal complaint. Based on the above and the totality of the circumstances, I believe that probable cause exists to issue a criminal complaint against Kaleb Thomas LINVILLE for violation of Title 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm and Ammunition.

Respectfully Submitted,

Rebecca L. Davison
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Subscribed and sworn before me this 11th day of March, 2022.

United States Magistrate Judge